UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID MARTINES,

Petitioner,

v.

PAMELA BONDI, et al.,

Respondents.

Case No. 2:26-cv-00606-ART-MDC

Order Deferring Petition, Appointing Counsel, and Adding the U.S. Attorney's Office as an Interested Party

Petitioner David Martines, an immigration detainee, has filed a *pro se* petition for federal habeas corpus relief under 28 U.S.C. § 2241 (ECF No. 1-1 ("Petition")), an application to proceed *in forma pauperis* (ECF No. 1 ("IFP")), and a motion for the appointment of counsel (ECF No. 1-2). The Court finds that good cause exists to grant the IFP application.

Petitioner alleges that he has been subjected to "prolonged detention," though he does not specify how long he has been in the custody of immigration authorities. ECF No. 1-1 at 2. Broadly construing the petition, the Court finds that Petitioner asserts that his detention is unlawful under the Supreme Court's decision in *Zadvydas v. Davis,* 533 U.S. 678 (2001), and defers a ruling on the petition. ECF No. 1-1 at 6.

The Court also finds that appointment of counsel is in the interests of justice, given, among other things, the potential complexities of this case,[1] and directs that the petition be served on the United States Attorney's Office for the District of Nevada, given that it will be representing at least one respondent in this matter if an amended petition is filed.

---

[1] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or when the interests of justice so require. 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

1

IT IS THEREFORE ORDERED that the Clerk of Court must file the petition [ECF No. 1-1].

IT IS FURTHER ORDERED that the petition [ECF No. 1-1] is deferred.

IT IS FURTHER ORDERED that the Clerk of the Court add the United States Attorneys' Office for the District of Nevada (USAO) to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

IT IS FURTHER ORDERED that the USAO is not required to file a response to the petition [1-1] at this time.

IT IS FURTHER ORDERED that the Clerk of Court must send a copy of the petition (ECF No. 1-1) and this Order to the Federal Public Defender at ecf_nvchu@fd.org, Petitioner, and the CJA Coordinator for this division.

IT IS FURTHER ORDERED that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent the Petitioner and is directed to file a notice of appearance (or indicate its inability to represent the Petitioner) within 7 days of the date of this Order. If the Federal Public Defender is unable to represent the Petitioner, alternate counsel will be appointed. Appointed counsel will represent the Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

IT IS FURTHER ORDERED that the appointed counsel has 14 days to file either (1) an amended petition, or (2) a motion to dismiss the petition.

IT IS FURTHER ORDERED that the United States Attorney's Office for the District of Nevada file a notice of appearance within 7 days of the date of this Order and file and serve their answer to the Amended Petition within 7 days of service of the counseled Amended Petition, unless additional time is allowed for good cause shown. The Respondents must file any documents referenced or

relied upon in their responsive pleading with that pleading.[2] Petitioner will then have 7 days to file a reply.

IT IS FURTHER ORDERED that in order to maintain jurisdiction and provide a prompt resolution, the Respondents shall not transfer Petitioner out of this District unless the Court grants a motion or stipulation to modify this order.[3]

IT IS FURTHER ORDERED that the clerk's office must serve a copy of this order upon the U.S. Attorney's Office for the District of Nevada.

DATED: March 13, 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[2] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'" (citing 28 U.S.C. § 2243)).

[3] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").